**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 10-54005 K** |
| **BEN S. KIM, MS, DDS, PA,** | § | |
| Debtor | § | |
| **BEN S. KIM, MS, DDS, PA,** | § | |
| Plaintiff | § | **ADVERSARY NO.** |
| v. | § | **TRIAL TIME EST. 4 HRS.** |
| **INTCO EK GP, INC, INTCO DEVELOPMENT OF TEXAS, INC, INTCO EK L.P., KANE K. HUI AND ERNEST H. HUI,** | § | |
| | § | **CHAPTER 7** |
| Defendants | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR CONTEMPT
FOR VIOLATION OF THE AUTOMATIC STAY, FOR TURNOVER, FOR
DECLARATORY JUDGMENT AND FOR OTHER RELIEF**

**TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:**

BEN S. KIM, MS, DDS, PA, the Debtor and Plaintiff herein, respectfully represents:

*Jurisdiction*

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §157 and 11 U.S.C. §§105 and 362, 502, 506, 542, 544, 548 as well as 28 U.S.C. §1367 and 2201-2202 and the laws of the State of Texas.

### *Parties*

2. The Plaintiff is BEN S. KIM, MS, DDS, PA. It is the Debtor in this proceeding.

3. Defendant Intco EK GP, Inc., may be served through its registered agent, Mr. Larry W. Slayter at 14855 Blanco Rd. #305, San Antonio, Texas 78216

4. Defendant Intco EK LP, may be served through its registered agent, Mr. Mr. Larry W. Slayter at 14855 Blanco Rd. #305, San Antonio, Texas 78216.

5. Defendant, Intco Development of Texas, Inc.may be served through its registered agent, Mr. Larry W. Slayter at 14855 Blanco Rd. #305, San Antonio, Texas 78216

6. Defendant Kane K Hui may be served at 2299 Okoa St., Honolulu, HI 96821

7. Defendant Ernest H. Hui, may be served at 44-224 Malae Place, Kaneohe, HI 96744.

### *Background*

8. Defendant Intco EK LP owns and operates a shopping center located at 14855 Blanco Road, San Antonio, Texas, known as the Courtyard at Camino Real.

8. Defendant Intco EK LP is managed by its general partner Intco EK, GP.

9. Defendant Intco EK LP acting through its general partner Intco EK, GP, Inc. and its agent Intco Development of Texas, Inc. entered into a written lease agreement with the Plaintiff, BEN S. KIM, MS, DDS, PA. for the lease of unit 413 of The Courtyard at Camino Real for use as the plaintiff's dental office.

10. Dr. Ben S. Kim guaranteed the lease but did not sign it in his personal

capacity nor did he grant the Defendants a security interest in any of his personal property nor his patient files or records.

11.     In approximately June of 2010, Defendants locked the Plaintiff from its dental offices locates at the Courtyard of Camino Real and seized the contents of the Plaintiff's office. This included the Plaintiff's equipment, supplies, narcotics, prescription pads, confidential patient files(both electronic and in hard copies located in file folders). The Defendants also seized personal property belonging to Dr. Ben S. Kim located on the premises.

12.     During the months that followed the lockout, the Defendant landlord allowed one or more secured creditors including Lyon Financial to sell their collateral.

13.     The landlord allowed Patterson Dental to remove certain equipment upon which it claimed a lien.

14.     The landlord also allowed Dr. Ben S. Kim, through its lawyer, to remove over 40 boxes of confidential patient files and two computers containing patient records.

15.     The Defendants refused to turnover Dr. Kim's personal computer with confidential patient files. These computer files seized from the Plaintiff's office at the Courtyard at Camino Real contain patient medical and billing records, diagnoses codes, medical histories, family medical histories, social security numbers, personal indentifiers and financial and other highly confidential and privileged information. Defendants also refused to turnover the prescription narcotics which they had seized from Plaintiff's office at The Courtyard of Camino Real.

16.     The Defendants knew or should have known that the possession of

Plaintiff's narcotics and prescription pads was a felony.

17. The Defendants knew or should have known that the possession of the Plaintiff's and Dr. Kim's patient dental records was unlawful, violated HIPPA as well as other statutes and the individual patients' rights to privacy.

18. The Texas Board of Dental Examiners, upon information and belief, also demanded turnover of Plaintiff's records and narcotics. Upon information and belief the Board was not successful in this regard.

19. Upon information and belief the Defendants still hold the confidential dental records of six thousand to ten thousand patients and former patients of the Plaintiff and Dr. Ben S. Kim.

20. The Plaintiff and Dr. Kim have repeatedly demanded the turnover of such records and narcotics. The Defendants have refused to so do.

21. The Defendants have taken the position that the Plaintiff abandoned the property at issue to them and that they now own it or have superior right thereto. In so doing they admitted the unlawful possession of the Plaintiff's narcotics and prescription pads which may be a felony under state and federal laws. The possession of the patients' records also violates state and federal laws and may subject each defendant to fines of $250,000.00 or more.

22. The Intco Defendants upon information and belief are owned and/or directed and controlled by the Hui Defendants who are strictly liable for the Intco's entities acts and omissions made the basis of this lawsuit. They have secreted the narcotics at issue, upon information and belief, in the premises known as The Courtyard at Camino Real.

23. Section 258.101 et. seq. of the Texas Occupations Code defines the

dentist-patient privilege and its scope as well as the authority of the dentist to assert the same. Such privilege may be claimed by the dentist and clearly includes the dental records made the basis of this lawsuit.

24. Section 258.051 of the Texas Occupations Code provides in pertinent part, with respect to dentists' records, that:

> **"(a) The records of a diagnosis made and treatment performed for and on a dental patient are the property of the dentist performing the dental service.**
>
> **(b) A dentist's records may not be sold, pledged as collateral, or transferred to any person other than the patient unless the transfer is made in compliance with Subchapter C [FN1] and board rules."**

25. Pursuant to Texas and federal law, the Defendants have no right to the Plaintiff's and Dr. Kim's dental patient records including those contained on his personal computer seized by the Defendants from the Plaintiff's offices at Defendants' premises at the Courtyard at Camino Real.

26. Pursuant to Texas and federal law, the Defendants have no right to the Plaintiff's narcotics and prescription pads seized from by the Defendants from the Plaintiff's offices at Defendants' premises at the Courtyard at Camino Real.

27. The Plaintiff demanded turnover of the subject property and even threatened a lawsuit if the property at issue was not turned over. The Defendants willfully, unlawfully and in bad faith refused to do so.

28. The plaintiff, BEN S. KIM, MS, DDS, PA, filed for relief under Chapter 7 of the Bankruptcy Code on October 14, 2010.

### *Grounds for Relief: Turnover*

29. Pursuant to 11 U.S.C. §§542, 544 and 548, the Plaintiff requests that the Court enter an order directing Defendants to instanter turnover the narcotics, prescription pads and patient records including Dr. Kim's personal Dell computer in which they are contained to the Plaintiff through Dr. Ben S. Kim, DDS. The Defendants' seizure and possession of such property is wrongful and avoidable under 11 U.S.C. §544 and 548. Such transfers occurred within two years of the plaintiff's filing for relief under Chapter 7 of the Bankruptcy Code and were made with the actual intent to hinder, delay or defraud. The Defendants did not take for value and were not good faith transferees. The transfers were made while the Plaintiff was insolvent.

### *Grounds for Relief: Declaratory Judgment*

30. Pursuant to 28 U.S.C. §2201-2202 and 11 U.S.C. §506 the Plaintiff requests that the Court enter a declaratory judgment that the Defendants have no right, title, lien nor interest in or to the patient records and the computer in which they are contained, the narcotics and the prescription pads made the basis of this lawsuit and that the Plaintiff and/or Dr. Kim is entitled to possession of the same and that the defendants' withholding of the same was not justified in law or in fact and that despite repeated demand the defendants wrongfully withheld such property from the Plaintiff thereby converting the same to their own use and benefit.

### *Grounds for Relief: Damages for Conversion*

31. The acts and omissions of the Defendants constitute conversion which caused the Plaintiff to sustain damages.

32. The acts and omissions of the Defendants were willful and malicious warranting the imposition of exemplary damages. The Plaintiff suggests that the Court impose a fine of not less than $1,000.00 per patient record wrongfully withheld and in addition a fine of not less than $1,000.00 for each pill or other narcotic wrongfully withheld.

### *Grounds for Relief: Criminal Referral*

33. Pursuant to 18 U.S.C. §3057 the Plaintiff requests that the Court refer this matter to the United States Attorney's Office and the Drug Enforcement Agency for investigation and potential criminal prosecution as well as forfeiture of the shopping center in which the narcotics at issue were secreted by the Defendants.

### *Grounds for Relief: Contempt*

34. The Defendants continue to hold the estate's aforesaid property, Dr. Kim's personal property and the patient records and narcotics in payment of a prepetition debt without just cause in willful violation of 11 U.S.C. §362.

35. The Plaintiff requests that the Court hold the Defendants in contempt for the aforesaid willful misconduct and issue a writ of attachment directing the United States Marshall to seize and detain the Defendants as well as the narcotics and prescription pads and patient records and computer in which they are contained and to bring them before the Court for such defendants to show cause why they should not be punished by the Court for contempt and that sanctions, a fine and attorney's fees be assessed against them.

### *Grounds for Relief: Claim Denial*

36. Due to the existence of the Plaintiff's claims against the Defendants any claim by such defendants should be disallowed pursuant to 11 U.S.C. §502(d).

### *Grounds for Relief: Deceptive Trade Practices*

37. The Plaintiff is a consumer within the meaning of the Texas Deceptive Trade Practices-Consumer Protection Act. Tex. Bus. & Comm. Code §17.41 et. seq.

38. The Defendants individually and/or as agents or representatives of the other Defendants entered into a written shopping center lease agreement, as described above, with the Plaintiff for the lease of a dental office therein used by the Plaintiff. The Defendants misrepresented the nature and characteristics of the terms of the lease and engaged in false, misleading and deceptive acts or practices as described above and engaged in an unconscionable course of action by wrongfully seizing and refusing , under the guise of the defendants' rights under such lease, Dr. Kim's personal property, drugs and patient records and his personal computer which contains such records. This caused the Plaintiff to sustain damage. Such conduct also constitutes fraud which proximately caused the Plaintiff to sustain injury.

### *Grounds for Relief:*
### *Unreasonable Collection Efforts/Invasion of Privacy*

39. The Defendants' misconduct set forth above in wrongfully withholding confidential patient records of over 6,000 individual patients of the Plaintiff which records were seized as part of the Defendants' attempt to collect a debt owed by the Plaintiff for delinquent rent constitutes the tort of unreasonable collection efforts which has caused Plaintiff to sustain damages.

40. Additionally, the same conduct complained of constitutes invasions of Plaintiff's right to privacy and those of its patients which Defendants also violated causing them to sustain damages.

41. The aforesaid conduct was malicious and outrageous, warranting the imposition of exemplary damages against Defendants, which are strictly liable for the unlawful conduct of their agents.

42. The plaintiff requests reasonable attorney's fees for its counsel in pursuing this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, prays that the Court:

A. Find that the Defendants violated the provisions of the automatic stay;

B. Find that each violation of the automatic stay by the Defendants was "willful" as that term has been defined, and also find that the violations of the automatic stay were intentional;

C. Sanction and award against the Defendants (all actual damages for all financial and non-financial harm or injury incurred by plaintiff, including attorneys' fees, costs and expenses, for the violations of the automatic stay as set forth above;

D. Find the Defendants in contempt for violating the automatic stay;

E. Sanction and award to plaintiff damages necessary to coerce the Defendants into compliance with this Court's orders:

F. Award Plaintiff exemplary damages and attorney's fees;

G. Award to the Plaintiff, and for the benefit of the undersigned attorney, all of the attorney's fees, costs and expenses incurred in representing Plaintiff in these matters;

H. Find that appropriate circumstances exist for an award of punitive damages;

I. Award punitive damages to the extent not inconsistent with Federal law, but in any event not less than three times the actual damages, including attorneys' fees, costs and expenses awarded in this case;

J. Grant such other and further relief, in equity or in law, including declaratory judgment, and bankruptcy referral, prejudgment interest, to which Plaintiff may show itself justly entitled.

Dated: 18 October, 2010.

        Respectfully submitted,

        LAW OFFICES OF MARTIN SEIDLER
        One Elm Place, Suite E-504
        11107 Wurzbach Road
        San Antonio, Texas 78230
        (210) 694-0300
        (210) 690-9886 Telecopier

        By: _____/s/_____
          MARTIN SEIDLER, SBN 18000800
          ATTORNEY FOR PLAINTIFF